**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID EDWARD LEE, JR.,
Plaintiff-Appellant,

v.                                                                          No. 97-1471

WISE COUNTY SCHOOL BOARD,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Samuel G. Wilson, Chief District Judge.
(CA-96-70)

Argued: December 4, 1997

Decided: January 12, 1998

Before WILKINSON, Chief Judge, and ERVIN and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Carl E. McAfee, MCAFEE & ASSOCIATES, P.C., Nor-
ton, Virginia, for Appellant. William Bradford Stallard, PENN,
STUART & ESKRIDGE, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Edward Lee, Jr., appeals the district court's grant of summary judgment in favor of the Wise County School Board on his claim of religious discrimination in violation of Title VII. Lee maintains that the school board declined to rehire him as a basketball coach on account of his religion. The district court held that Lee failed to establish a prima facie case of religious discrimination and that Lee's poor performance as a coach provided a legitimate nondiscriminatory reason for its decision not to rehire him. We hold that the school board has provided an adequate reason for its failure to rehire and that Lee has failed to create a triable dispute over whether that reason is pretextual. Accordingly, we affirm the district court.

I.

Lee was head coach of the men's basketball team since 1979 at Powell Valley High School, located in Big Stone Gap, Virginia. He also taught English and coached tennis at Powell Valley. Lee attended a Methodist church and had been actively involved in religious affairs such as the Fellowship of Christian Athletes.

From the 1990-91 school year through the 1994-95 school year, the men's basketball team never posted a winning season. During 1994 and 1995, parents and members of the community voiced complaints to Bruce Robinette, a member of the Wise County School Board, and David Dowdy, principal at Powell Valley, about Lee's inadequate job performance as head basketball coach. According to Robinette, the criticisms increased over the course of the 1994-95 school year, and he eventually advised the parents to bring their concerns to the attention of the full school board.

During a school board meeting held on June 28, 1995, a delegation of parents appeared to register their complaints about Lee. To allow the parents to air their concerns privately, the board went into executive session. The parents complained that Lee was not devoting enough time or attention to the basketball program due to other pur-

2

suits such as work for a company named Amway and his own painting business. The parents also observed that the basketball team was unable to attend a camp in North Carolina because Lee had failed to submit a timely application. Every school board member stated that the board did not discuss Lee's religious affiliation, convictions, or activities at this meeting. The board did not take any action at that time.

Following the meeting, the Superintendent of the Wise County School System, Dr. Jim Graham, met with Dowdy to investigate the basis of the parents' complaints. Dowdy had not attended the June 28 school board meeting. Dowdy told Graham that he believed Lee was distracted from coaching by a number of things and had lost the desire to coach. Dowdy and Graham discussed a wide range of topics, including the fact that some parents had previously asked Dowdy about Lee's religious activities. According to Dowdy, he and Graham never discussed Lee's religion or his religious beliefs "in a derogatory or negative fashion."

During the next board meeting, held on July 13, 1995, the board again considered the renewal of Lee's contract as a basketball coach. The board discussed the complaints about Lee's neglect of the basketball program. Although the board never formally voted on Lee's contract, it reached a general consensus that Lee would not be rehired as a basketball coach. The board members did not discuss Lee's religious affiliation, convictions, practices, or activities at this meeting.

After the July meeting, Dr. Graham met with principal Dowdy and advised him of the board's consensus. In Wise County, to renew coaching contracts, a principal submits a slate of coaches to the division superintendent who reviews these recommendations and forwards a list to the school board. For the 1995-96 school year, Dowdy did not recommend Lee as the men's basketball coach. Instead, he recommended Jimmy Mitchell, another Powell Valley employee, who eventually was hired as the interim head coach for that year.

Lee filed a charge with the Equal Employment Opportunity Commission and later brought this complaint. In his complaint, Lee alleged, inter alia, that the school board discriminated against him on the basis of his religion by failing to rehire him as the head basketball

coach. The district court granted the school board's motion for summary judgment. Lee now appeals.

II.

Title VII prohibits employment discrimination on the basis of religion. 42 U.S.C. § 2000e-2(a). Absent direct evidence of discrimination, a plaintiff must first demonstrate a prima facie case of discrimination. McDonnell Douglas Corp. v. Green , 411 U.S. 792, 802 (1973); Chalmers v. Tulon Co. of Richmond , 101 F.3d 1012, 1017 (4th Cir. 1996), cert. denied, 118 S. Ct. 58 (1997). Once a party has made a prima facie case, the employer must provide a legitimate nondiscriminatory justification for its action. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Chalmers, 101 F.3d at 1017-18. If the employer advances such a justification, the plaintiff then must prove that this justification is a mere pretext for an actual discriminatory motive. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Chalmers, 101 F.3d at 1018.

Lee challenges the district court's holding that he did not establish a prima facie case of religious discrimination. To uphold summary judgment in this case, we need not resolve that question. Assuming that Lee has demonstrated a prima facie case, the school board advanced a legitimate nondiscriminatory justification for its decision not to rehire him -- Lee was spending too much time on outside activities and was not sufficiently dedicated to the Powell Valley basketball program. Lee has failed to create a genuine issue over whether this justification was pretextual. The school board, therefore, is entitled to summary judgment.

The school board offered ample evidence to demonstrate Lee's lack of commitment as a basketball coach. Board members relied on complaints about Lee's outside activities such as his Amway distributorship and painting business as proof of his neglect. Some board members also cited the specific complaint that the basketball team was unable to attend a camp because Lee had failed to submit a timely application. Thus, the school board has advanced a legitimate nondiscriminatory reason for its decision not to rehire Lee as the head basketball coach.

4

Lee has failed to create any dispute over whether this reason was merely pretextual. Lee makes much of board member Charles Mutter's affidavit. Mutter apparently overheard a comment during the June 1995 board meeting that Lee was very religious and may have baptized someone in his swimming pool. We believe, however, that Lee overstates the impact of this isolated remark. In the same affidavit, Mutter specified that this comment was "not directed at the board." In fact, Mutter was the only board member who mentioned overhearing such a comment. Mutter also averred that the board never discussed Lee's religion. Mutter's reference to this random remark does not show, or even suggest, that the reason for the board's decision was pretextual.

Lee maintains that, after the June 1995 board meeting, Superintendent Graham and Principal Dowdy discussed the various complaints about Lee, including concerns that parents had expressed to Dowdy about some of Lee's religious practices. Lee draws the inference that his religion must have factored into the decision because Graham and Dowdy were aware of these earlier comments. Lee, however, overlooks one critical fact. Parents do not make the day-to-day decisions for a school district. Merely because Dowdy and Graham might have been aware of scattered parental comments, we cannot assume that the parents' concerns affected the decision not to rehire Lee. Dowdy and Graham both denied that religion ever factored into the decision not to renew Lee's contract. Every school board member denied that they ever discussed Lee's religion during the June and July meetings. Thus, Dowdy's and Graham's mere awareness of parents' comments about Lee's religion does not suggest any pretext.

III.

The school board provided ample evidence that Lee was diverted by other pursuits and had not devoted sufficient attention to his coaching duties. Lee's contentions that religion motivated the high school's coaching change are nothing more than speculations. Accordingly, we affirm the judgment of the district court.

AFFIRMED